United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| OPTIMAL MARKETS, INC., <br><br> Plaintiff, <br><br> v. <br><br> FTI CONSULTING, INC., AUCTION TECHNOLOGIES, LLC, AUCTION TECHNOLOGIES, INC., XONOMIC INC., DAVID SALANT, HAROLD LEA, PAUL MILGROM, and DOES 1-10, <br><br> Defendants. <br> ──────────────────────────── <br> DAVID SALANT, HAROLD LEA, PAUL MILGROM, AUCTION TECHNOLOGIES, LLC, and AUCTION TECHNOLOGIES, INC., <br><br> Counterclaimants, <br><br> v. <br><br> OPTIMAL MARKETS, INC., <br><br> Counterdefendant. | Case No. 08-5765 SC <br><br> ORDER RE: MOTION FOR VOLUNTARY DISMISSAL <u>WITHOUT PREJUDICE</u> |

**I.  INTRODUCTION**

This matter comes before the Court on the Motion for Voluntary Dismissal Without Prejudice ("Motion") filed by Plaintiff and Counterdefendant Optimal Markets, Inc. ("Plaintiff" or "OM").  Docket No. 44.  Defendants FTI Consulting, Inc. ("FTI"), Auction Technologies, LLC ("ATL"), Auction Technologies,

Inc., Xonomic Inc., Dr. David Salant ("Salant"), Harold Lea ("Lea"), and Dr. Paul Milgrom ("Milgrom") (collectively, "Defendants") filed an Opposition. Docket No. 49. OM submitted a Reply. Docket No. 52. For the reasons stated herein, the Court dismisses Plaintiff's causes of action without prejudice.

## II. BACKGROUND

On December 29, 2008, Plaintiff commenced this action. Docket No. 1 ("Compl."). On January 15, 2009, Plaintiff filed an Amended Complaint. Docket No. 11 ("Am. Compl."). OM, a company founded by Dr. David Moshal ("Moshal"), provides software and services related to electronic auctions. Id. ¶ 1. Salant and Lea are former officers of OM. Id. ¶¶ 2-3. According to the Amended Complaint, Salant and Lea have formed, or are employed by, Auction Technologies, Inc., Auction Technologies, LLC, and Xonomic, Inc. Id. ¶ 4. OM accuses Salant and Lea of misappropriating OM's proprietary information, and OM accuses Salant and Milgrom of secretly filing a patent application claiming ownership of OM's inventions. Id. ¶¶ 3-4. The Amended Complaint consists of causes of action for (1) copyright infringement; (2) breach of contract; (3) misappropriation of trade secrets; (4) common law unfair competition; (5) statutory unfair competition; (6) interference with contract; (7) interference with prospective economic advantage; (8) breach of the covenant of good faith and fair dealing; and (9) declaratory relief. Id. ¶¶ 86-143.

On February 13, 2009, Defendants answered the Amended Complaint and filed counterclaims. Docket No. 25 ("Answer and

2

Counterclaims"). Salant and Lea counterclaimed for tortious interference with prospective economic advantage. Id. ¶¶ 175-185. Salant and Lea counterclaimed for tortious interference with contract. Id. ¶¶ 186-195. The counterclaimants seek a declaratory judgment that the accused goods and services do not infringe upon copyrighted material or misappropriate trade secrets owned by OM, and Salant seeks a declaratory judgment on enforceability of contract. Id. ¶¶ 196-205. On April 6, 2009, Plaintiff answered the counterclaims. Docket No. 37 ("Pl.'s Answer to Counterclaims").

### III. LEGAL STANDARD

Federal Rule of Civil Procedure 41(a)(2) provides that:

> an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication.

Fed. R. Civ. P. 41(a)(2). The Court must determine (1) whether to allow dismissal; (2) whether the dismissal should be with or without prejudice; and (3) what terms and conditions, if any, should be imposed. Williams v. Peralta Community College Dist., 227 F.R.D. 538, 539 (N.D. Cal. 2005).

### IV. DISCUSSION

#### A. Whether to Allow Dismissal

A district court should grant a motion for voluntary

3

1  dismissal unless a defendant can show that it will suffer some
2  plain legal prejudice as a result.  Smith v. Lenches, 263 F.3d
3  972, 975 (9th Cir. 2001).  Legal prejudice is "prejudice to some
4  legal interest, some legal claim, some legal argument."  Westlands
5  Water Dist. v. United States, 100 F.3d 94, 97 (9th Cir. 1996).
6  Uncertainty because a dispute remains unresolved or because the
7  threat of future litigation causes uncertainty does not result in
8  plain legal prejudice.  Smith, 263 F.3d at 976.

9  　　　　Here, OM recently decided to dismiss its copyright claim
10 against Defendants.  Docket No. 45 ("Mem. of P. & A.") at 1.  OM
11 contends that dismissal of the copyright claim will result in a
12 lack of subject matter jurisdiction because OM's remaining claims
13 arise under state law and there is no diversity between the
14 parties.  Id.  OM therefore moves to dismiss all of its claims
15 with the intent of refiling the state law claims in California
16 state court.  Id.

17 　　　　Defendants accuse Plaintiff of "vexatious tactics" by moving
18 to dismiss.  Opp'n at 10.  Defendants contend that OM excessively
19 delayed in seeking dismissal, that Defendants will have to "start
20 from scratch" in state court, and that the "substantial expense"
21 of preparing the Answer to Plaintiff's Amended Complaint would
22 have been avoided in state court, which allows a single-paragraph
23 general denial.  Id. at 10-11.

24 　　　　The Court finds that Defendants have not shown they will
25 suffer legal prejudice as a result of dismissal of Plaintiff's
26 claims.  This case was commenced less than six months ago, no
27 other motions have been filed, and no party has provided documents
28

4

in response to discovery requests, or taken any depositions.  Mem. of P. & A. at 3-4.  Therefore, Plaintiff has not excessively delayed in moving for dismissal.  See Westlands, 100 F.3d at 97 (finding no legal prejudice where plaintiffs moved for dismissal four months after commencing action).  Legal prejudice does not result where a plaintiff would merely gain a tactical advantage by the dismissal.  Smith, 263 F.3d at 976; Hamilton v. Firestone Tire & Rubber Co., Inc., 679 F.2d 143, 145 (9th Cir. 1982).  Since Plaintiff intends to refile the same state law causes of action in state court, Defendants will not have to start from scratch in state court.  Facing the prospect of a second lawsuit does not count as legal prejudice.  See Hamilton, 679 F.2d at 145.  Nor does the expense of preparing and filing its Answer count as legal prejudice.  See id. at 146; see also In re Lowenschuss, 67 F.3d 1394, 1400-01 (9th Cir. 1995) (inconvenience of expending time and resources in preparing for trial did not constitute legal prejudice).  Defendants have not shown legal prejudice, and therefore the Court will allow dismissal.

**B.    Whether the Dismissal Should Be With or Without Prejudice**

OM initially moved for its claims to be dismissed without prejudice.  Mem. of P. & A. at 1.  Defendants correctly point out that if OM's copyright claim is dismissed without prejudice, the Court would still have jurisdiction because Defendants' third counterclaim seeks a judicial determination that the accused goods and services do not infringe OM's copyrights.  Opp'n at 6; see Capitol Records, Inc. v Foster, No. 04-1569, 2006 U.S. Dist. LEXIS

1  96349, at *5-6 (D. Okla. July 13, 2006) (finding independent
2  jurisdictional bases for defendant's counterclaim seeking
3  declaratory judgment of non-infringement).  In response, Plaintiff
4  states a willingness to dismiss the copyright claim with prejudice
5  subject to the condition that it is not considered an adjudication
6  on the merits.  Reply at 7-8.  Alternatively, Plaintiff suggests
7  the Court should dismiss the copyright claim without prejudice and
8  Plaintiff covenants not to sue on the copyright claim.  Id.

9      A dismissal with prejudice is tantamount to a judgment on the
10 merits.  Zenith Ins. Co. v. Breslaw, 108 F.3d 205, 207 (9th Cir.
11 1997) (abrogated on other grounds by Ass'n of Mexican-Am.
12 Educators v. State of Cal., 231 F.3d 572, 592 (9th Cir. 2000)).
13 Therefore, the Court will not dismiss Plaintiff's copyright claim
14 with prejudice.  With regard to Plaintiff's second suggestion,
15 even if Plaintiff's covenant not to sue on the copyright claim
16 eliminates the copyright controversy between the parties, the
17 Court still has jurisdiction over Defendants' counterclaims
18 because they are compulsory counterclaims.

19     The Ninth Circuit determined that "[w]here there is federal
20 jurisdiction over plaintiff's claim the court may retain and
21 adjudicate a compulsory counterclaim . . . of which it would not
22 otherwise have had jurisdiction notwithstanding that plaintiff
23 voluntarily dismissed the complaint."  Hamilton, 679 F.2d at 146
24 n.3.  A compulsory counterclaim is one that "arises out of the
25 transaction or occurrence that is the subject matter of the
26 opposing party's claim."  Fed. R. Civ. P. 13(a).  The Ninth
27 Circuit applies a logical relationship test to determine if a

6

counterclaim is compulsory. Pochiro v. Prudential Ins. Co. of Am., 827 F.2d 1246, 1248 (9th Cir. 1987). "A logical relationship exists when the counterclaim arises from the same aggregate set of operative facts as the initial claim, in that the same operative facts serve as the basis of both claims . . . ." In re Pegasus Gold Corp., 395 F.3d 1189, 1196 (9th Cir. 2005) (internal citation omitted).

Here, the Court finds that Defendants' state law counterclaims are compulsory counterclaims because they arise from the same aggregate set of operative facts as Plaintiff's claims. Salant and Lea's counterclaims for tortious interference with prospective economic advantage and tortious interference with contract arise from allegations that Moshal and OM made false and defamatory statements about Salant and Lea, including false allegations of misappropriation of OM's proprietary information. See Answer and Counterclaims ¶¶ 181-82, 191-92. OM's claims for breach of contract, misappropriation of trade secrets, and interference with prospective economic advantage are based on these same alleged misappropriations. See Am. Compl. ¶¶ 98, 100-07, 128.

The declaratory judgment counterclaims arise from the same aggregate set of operative facts as Plaintiff's claims. Defendants and counterclaimants contend that the accused goods and services do not infringe OM's copyrights or misappropriate OM's trade secrets. See Answer and Counterclaims ¶ 198. This contention is the flipside of Plaintiff's causes of action for copyright infringement and trade secret misappropriation. See Am.

7

Compl. ¶¶ 86-94, 100-07.  Salant seeks a judicial declaration that his employment agreements with OM do not restrict his right to compete in the auction software market and his right to pursue prospective business opportunities.  See Answer and Counterclaims ¶ 204.  This cause of action is the flipside of Plaintiff's claim against Salant for breach of contract.  See Am. Compl. ¶¶ 86-94. Because the counterclaims are compulsory, they can remain pending for independent adjudication.  Therefore, the Court dismisses Plaintiff's claims without prejudice, and takes no action with respect to Defendant's counterclaims.

**C.    Terms and Conditions of Dismissal**

Defendants contend that a dismissal should be conditioned on an award of attorneys' fees and costs.  Opp'n at 11-12.  The imposition of costs and fees as a condition for dismissal is not mandatory.  Westlands, 100 F.3d at 97.  "[A] defendant is entitled only to recover, as a condition of dismissal under Fed. R. Civ. P. 41(a)(2), attorneys fees or costs for work which is not useful in continuing litigation between the parties."  Koch v. Hankins, 8 F.3d 650, 652 (9th Cir. 1993).  Here, Defendants' counterclaims remain pending before this Court, so the Court makes no award of attorneys' fees and costs.

///
///
///
///
///
///

8

**V.     CONCLUSION**

For the reasons stated above, the Court dismisses Plaintiff's causes of action without prejudice.  Defendant's counterclaims remain pending before this Court.

IT IS SO ORDERED.

Dated: June 17, 2009

_____
UNITED STATES DISTRICT JUDGE

9